JERRY D. WOOTEN, Plaintiff-Appellant, v. KELSO TOWLE, Defendant-Appellee.

Fourth District   No. 4—88—0269

Opinion filed November 17, 1988.

Nessler & Shay, of Lincoln, for appellant.

Heyl, Royster, Voelker & Allen, of Springfield (Roy O. Gulley, of counsel), for appellee.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

On October 7, 1987, the circuit court of Macon County dismissed a complaint filed by plaintiff Jerry D. Wooten against defendant Kelso Towle. Plaintiff has appealed. We affirm.

Section 14 of the Insect Pest and Plant Disease Act (Act) states as follows:

"All trees *** and places within this State, infested with injurious insect pests *** which are liable to spread to other plants *** to the injury thereof, or to the injury of man and animals, and all species and varieties of trees *** and other plants not essential to the welfare of the people of the State which may serve as favorable host plants, and promote the

prevalence and abundance of insect pests and plant diseases *** injurious to other plants essential to the welfare of the people of this State, are hereby declared to be a nuisance." (Ill. Rev. Stat. 1985, ch. 5, par. 74.)

Section 2 of that act defines the term "Insect Pests" as "[i]nsects, crustaceans, arachnids and vermes injurious to plants, plant products, animals and man." Ill. Rev. Stat. 1985, ch. 5, par. 62.

In his complaint, plaintiff stated defendant had hired him to mow defendant's yard. Plaintiff further stated defendant's yard contained a tree infested with a nest of hornets and, when he mowed by the tree, the hornets attacked and stung him, thereby injuring him. Plaintiff contended the maintenance of this statutory nuisance by defendant proximately caused his injuries. The court granted defendant's motion to dismiss the complaint, finding no cause of action existed under the Act. We agree.

The Act is designated as "An Act to prevent the introduction into and dissemination within this State of insect pests and plant diseases and to provide for their repression and control." (Ill. Rev. Stat. 1985, ch. 5, par. 61 *et seq.*) The sections contained in the Act appear to be aimed at nurserymen and buyers and sellers of nursery stock. It bestows the Illinois Department of Agriculture with the authority to inspect places for infestation, to issue certificates of inspection, to notify persons of the existence of nuisances as defined in the Act, and to abate nuisances if the owner fails to comply with the Department's notification.

■■ ■ We recognize some of the language in the Act is broad and sweeping. However, the overall tenor of the Act indicates a policy for regulation of commercial dealers. Some situations on residential property may well constitute nuisances within the meaning of the Act, but we conclude the legislature did not intend to provide that a residential property owner is guilty of maintaining a nuisance merely because bees have a hive, or hornets, a nest, in a tree on the property.

For the reasons stated, the judgment of the circuit court of Macon County is affirmed.

Affirmed.

McCULLOUGH and KNECHT, JJ., concur.